**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN G. YORIO, : | |
| : | Civil Action No. 10-5335 (JAP) |
| Petitioner, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| STATE OF NEW JERSEY, et al., : | |
| : | |
| Respondents. : | |

R E C E I V E D

JUL 3 1 2012

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

Stephen G. Yorio, Pro Se
#468490
Adult Diagnostic Treatment Center
8 Production Way
Avenel, NJ 07001

Maghan Marie O'Neill
Assistant Prosecutor
Ocean County Prosecutor's Office
119 Hooper Avenue
P.O. Box 2191
Toms River, NJ 08753
Attorney for Respondents

**PISANO, District Judge**

Petitioner Stephen G. Yorio, currently confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Meg Yatauro and the State of New Jersey.

For the reasons stated herein, the petition must be denied.

## BACKGROUND

On December 6, 2002, Petitioner pled guilty and was convicted of sexual assault charges and endangering the welfare of a child, in violation of New Jersey state law. On November 14, 2003, he was sentenced to an aggregate sentence of 30 years imprisonment, with a 22 1/2-year parole disqualifier. The Judgment of Conviction was amended by the sentencing court on December 11, 2003, to include findings requiring Petitioner to register as a sex offender.

The Judgment of Conviction was affirmed by the Superior Court of New Jersey, Appellate Division ("Appellate Division") on May 5, 2005; however, the New Jersey Supreme Court remanded the case for resentencing on September 12, 2005.

Petitioner was resentenced on November 14, 2005 to a twenty-year term of imprisonment with an 85% period of parole ineligibility for aggravated assault, and a consecutive term of ten years with a five-year parole disqualifier for the endangering charge. The Appellate Division remanded and vacated the plea and sentence on December 20, 2007, and Petitioner appeared for a third sentencing on February 19, 2008. The sentencing court "re-affirmed" the November 14 sentence, and on August 4, 2009, the Appellate Division affirmed. The New Jersey Supreme Court denied certification on October 28, 2009.

2

Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on October 13, 2010.  On March 11, 2011, he filed an amended petition, and on July 19, 2011, Respondents filed an answer and the relevant record.

Petitioner asserts two grounds in this petition: (1) that his sentence is excessive; and (2) judicial bias and misconduct. (See Amended Petition, docket entry no. 5).

## DISCUSSION

### A.   Standards Governing Petitioner's Claims

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).  Thus, because Petitioner is proceeding as a pro se litigant in this matter, the Court will accord his habeas petition the liberal construction intended for pro se petitioners.

Section 2254(a) of Title 28 of the United States Code gives the Court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law.  See 28 U.S.C. § 2254(a).  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits a federal court's authority to grant habeas relief when a state

3

court has adjudicated petitioner's federal claim on the merits.
In such cases, the writ must be denied unless the state court's
adjudication of the claim (1) involved an unreasonable
application of clearly established federal law, (2) was contrary
to clearly established federal law, or (3) was based on an
unreasonable determination of the facts in light of the evidence
before the state court. See 28 U.S.C. § 2254(d).

"Clearly established" federal law "refers to the holdings,
as opposed to the dicta, of [the Supreme Court's] decisions as of
the time of the relevant state-court decision." Williams v.
Taylor, 529 U.S. 362, 412 (2000). A court must look for "the
governing legal principle or principles set forth by the Supreme
Court at the time the state court renders its decision." Lockyer
v. Andrade, 538 U.S. 63, 71, 72 (2003).

A state court decision is "contrary to" clearly established
federal law under § 2254(d)(1), where it "applies a rule that
contradicts the governing law set forth in [the Supreme Court's]
cases, or if it confronts a set of facts that is materially
indistinguishable from a decision of [the Supreme] Court but
reaches a different result." Brown v. Payton, 544 U.S. 133, 141
(2005); see also Williams, 529 U.S. at 405-06. Under the
"unreasonable application" clause of § 2254(d)(1), "[a]n
'unreasonable application' occurs when a state court 'identifies
the correct governing legal principle from [the Supreme] Court's

4

decisions but unreasonably applies that principle to the facts' of petitioner's case.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 380 (2005) (quoting <u>Wiggins v. Smith</u>, 539 U.S. 510, 519, 520 (2003)). <u>See also</u> <u>Rountree v. Balicki</u>, 640 F.3d 530, 537 (3d Cir. 2011). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, 538 U.S. at 75-76. "Rather, '[t]he state court's application of clearly established law must be objectively unreasonable' before a federal court may grant the writ." <u>Rountree</u>, 640 F.3d at 537 (quoting <u>Lockyer</u>, 538 U.S. at 75). In essence, the AEDPA "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Harrington v. Richter</u>, --- U.S. ----, 131 S. Ct. 770, 786, 178 L. Ed.2d 624 (2011) (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)).

Pursuant to § 2254(d)(2), an "unreasonable determination of facts" occurs where "the petitioner has demonstrated by clear and convincing evidence that the state court's determination of the facts was unreasonable in light of the record." <u>Roundtree</u>, 640 F.3d at 537-38 (internal quotations omitted). <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Rice v. Collins</u>, 546 U.S. 333, 338-39 (2006). Reasonableness is measured by looking to the record of the

evidence at the time of the state court's adjudication.  See
Roundtree, 640 F.3d at 538 (citing Cullen v. Pinholster, --- U.S.
----, 131 S. Ct. 1388, 1401-03, 179 L. Ed.2d 557 (2011)).

     Finally, this Court emphasizes that "[i]n conducting habeas
review, a federal court is limited to deciding whether a
conviction violated the Constitution, laws, or treaties of the
United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);
28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation
Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no
supervisory authority over state judicial proceedings and may
intervene only to correct wrongs of constitutional dimension."
Smith v. Phillips, 455 U.S. 209, 221 (1982). Generally, "[i]f a
state prisoner alleges no deprivation of a federal right, § 2254
is simply inapplicable," Engle v. Isaac, 456 U.S. 107, 120 n.19
(1982), and "a state court's interpretation of state law,
including one announced on direct appeal of the challenged
conviction, binds a federal court sitting in habeas corpus."
Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

     In reviewing a § 2254 petition, a federal court is not
permitted to address a federal constitutional claim pertinent to
the facts of the case unless the petitioner asserts the claim as
a ground for relief.  That is, "errors of state law cannot be
repackaged as federal errors simply by citing the Due Process
Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

In addition, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

**B.    Excessive Sentence**

Petitioner states that he originally agreed to a plea bargain of fifteen years with an 85% parole disqualifier, but was then sentenced to the statutory aggregate maximum sentence of thirty years.  Citing State v. Miller, 108 N.J. 112 (1987), and State v. Yarbough, 100 N.J. 627 (1985), cert. denied, 475 U.S. 1014 (1986), Petitioner argues that his sentences should be adjusted and merged.

The violation of a right created by state law is not cognizable as a basis for federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 680 (1990))); see 28 U.S.C. § 2254(a) ("district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").  Accordingly, based on the supporting facts Petitioner alleges for

this ground, which relate only to alleged violations of state law, Petitioner is not entitled to federal habeas relief.

To the extent Petitioner invokes the Eighth Amendment, this Court notes that a federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies." See Grecco v. O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987) (citation omitted). Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  See Pringle v. Ct. of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984); see also 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67.

Here, the Appellate Division reviewed Petitioner's sentence and determined that he was properly sentenced, and that the sentence was not "manifestly excessive or unduly punitive and does not constitute an abuse of discretion." (Exhibit K). Petitioner cites to a violation of New Jersey Court Rules, and the New Jersey Code of Criminal Justice.  However, Petitioner does not offer any proscribed federal grounds to challenge his sentence, and so this claim must be denied.

## C.  **Judicial Bias**

In his second claim, Petitioner argues that the sentencing judge "decided to place his expert but personal opinion over that

of psychological experts," has a history of "inappropriate behavior that was even mentioned in the N.J. Law Journal," and "detests sex offenders, and will go out of his way to excoriate them in court." (Am. Pet., pp. 6-7). He asks this Court to merge his sentences, citing a "denial of a protected liberty interest" guaranteed by the United States Constitution. (Am. Pet., p. 8).

In order to demonstrate judicial misconduct for purposes of habeas relief, a petitioner must show "actual bias" and that he was treated "unfairly" by the trial judge. See Marshall v. Hendricks, 103 F. Supp. 2d 749, 799 (D.N.J. 2000), rev'd in part on other grounds, 307 F.3d 36 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003) (citation omitted). Adverse rulings on motions and objections are not sufficient to prove judicial bias. See id. (citation omitted). Rather, "there must be an extremely high level of interference by the trial judge which creates a pervasive climate of partiality and unfairness." Id. (citation omitted). "A mere allegation or the mere appearance of bias does not establish bias." Id. (citation omitted).

Petitioner's contention that his sentence was improper, and was based on judicial bias, is not supported in the record. The record reveals that Petitioner's sentence was considered by all levels of the New Jersey state courts, until finally they were satisfied that it complied with the law. There is no basis in

9

the record to determine that Petitioner's sentence was prejudiced by alleged bias or misconduct, and his habeas claim must be denied.

Finally, there is no indication that the state courts unreasonably applied established federal law in reaching their decisions, or that the state court decisions were based on an unreasonable application of the facts in light of the evidence presented.  The petitioner has not demonstrated that the state court opinions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified. Thus, according to 28 U.S.C. § 2254(d), both proposed grounds for a writ of habeas corpus are denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability will issue.

**CONCLUSION**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is denied.  The Court further finds that no certificate of appealability will issue.

An appropriate Order accompanies this Opinion.

_____
JOEL A. PISANO
United States District Judge

Dated: 7/31/12